```
                          United States Bankruptcy Court
                            Northern District of Ohio
In re:                                                          Case No. 14-50229-mss
Renee A. White                                                  Chapter 13
         Debtor                     CERTIFICATE OF NOTICE
District/off: 0647-5          User: dvins                 Page 1 of 1        Date Rcvd: Feb 10, 2014
                              Form ID: pdf700             Total Noticed: 24
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 12, 2014.
```
db         +Renee A. White,    P.O. Box 361461,    Strongsville, OH 44136-0025
intp       +Renee A. White,    171 Granger Road, #111,    Medina, OH 44256-7310
22833023   +Cb Manistee,    Po Box 638 323 River St,    Manistee, MI 49660-0638
22833024   +Cb Manistee Incorp,    323 River Str,    Manistee, MI 49660-2707
22833025   +Central Prof Services,    801 Sunnyside Dr,    Cadillac, MI 49601-9201
22834345   +Credit Acceptance,    25505 West Twelve Mile Rd,    Suite 3000,    Southfield, MI 48034-8331
22833027   +Fidelity Properties In,    220 E Main St,    Alliance, OH 44601-2423
22833028   +First Federal Credit C,    24700 Chagrin Blvd Ste 2,    Cleveland, OH 44122-5662
22833029   +Joseph Harrison Co,    310 N Cleveland Massillo,    Akron, OH 44333-9302
22833030   +Joseph Mann & Creed,    20600 Chagrin Blvd Ste 5,    Shaker Heights, OH 44122-5340
22833032   +Loan Max,    1340 E Tallmadge Avenue,    Akron, OH 44310-3639
22833033   +Merchants & Medcal,    6324 Taylor Dr,    Flint, MI 48507-4685
22833039  ++SENEX SERVICES CORP,    3333 FOUNDERS ROAD,    2ND FLOOR,    INDIANAPOLIS IN 46268-4933
             (address filed with court: Senex Services Corp,      333 Founds Rd,    Indianapolis, IN 46268)
22833038   +Santander Consumer Usa,    Po Box 961245,    Ft Worth, TX 76161-0244
22833040   +Unique National Collec,    119 E Maple St,    Jeffersonville, IN 47130-3439
22833041   +Verizon,    National Recovery P.O. Box 26055,    Minneapolis, MN 55426-0055
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
22833021    +E-mail/Text: june@ar-s.net Feb 10 2014 22:56:54     Account Receivables So,    301 N Clinton Ave,
             Saint Johns, MI 48879-2513
22833022    +E-mail/Text: rward@cadillac-ar.com Feb 10 2014 22:56:32     Cadillac Accnts Rec Mg,    Po Box 358,
             Cadillac, MI 49601-0358
22833026    +E-mail/Text: support@corerecovery.biz Feb 10 2014 22:57:31      Core Recover,    424 E Front,
             Traverse City, MI 49686-2614
22833031    +E-mail/Text: bonnie@ljross.com Feb 10 2014 22:57:14      L J Ross Associates In,    Po Box 1838,
             Ann Arbor, MI 48106-1838
22833034    +E-mail/Text: bankruptcydpt@mcmcg.com Feb 10 2014 22:57:36      Midland Funding,
             8875 Aero Dr Ste 200,    San Diego, CA 92123-2255
22833035    +E-mail/Text: khelfer@midwesternaudit.com Feb 10 2014 22:58:01      Midwestern Audit Svc,
             5278 Lovers Ln,    Portage, MI 49002-1560
22833036    +E-mail/Text: bankruptcy@firstenergycorp.com Feb 10 2014 22:57:40      Ohio Edison *,
             Bankruptcy Dept - RM 204,    6896 Miller Road,    Brecksville, OH 44141-3222
22833037    +E-mail/Text: rjm@ebn.phinsolutions.com Feb 10 2014 22:57:20      Rjm Acq Llc,
             575 Underhill Blvd Ste 2,    Syosset, NY 11791-3426
22833040    +E-mail/Text: ebn@unique-mgmt.com Feb 10 2014 22:58:27      Unique National Collec,
             119 E Maple St,    Jeffersonville, IN 47130-3439
                                                                                              TOTAL: 9
```

```
           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 12, 2014                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 3, 2014 at the address(es) listed below:
```
              Keith Rucinski    efilings@ch13akron.com, krucinski@ecf.epiqsystems.com
              Vance P. Truman   on behalf of Debtor Renee A. White medinaatty@yahoo.com
                                                                                              TOTAL: 2
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | |
| Renee A. White | ) | **Chapter 13 Case No.:** |
| | ) | |
| | ) | **Judge**      MARILYN SHEA-STONUM |
| | ) | ☒   **Original Chapter 13 Plan** |
| | ) | ☐   **Amended Chapter 13 Plan**** |
| Debtor(s) | ) | ☐   **See Paragraph Twelve for Special Provisions** |

**************************************************************************************************

**ATTENTION CREDITORS - YOUR RIGHTS WILL BE AFFECTED.**

    The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

---

** Reason Plan is Being Amended

1. **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

A.   To the Chapter 13 Trustee (hereinafter "Trustee"): $ __148.00__ per month, payable in

      ☒ monthly     ☐ semi-monthly     ☐ bi-weekly     ☐ weekly     installments of $ __148.00__ each,

| | |
|---|---|
| ____ | The Debtor is employed by (name and address of employer) and shall make payment by payroll deduction. |
| ____ | The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order. |
| __X__ | The Debtor is retired and/or has SSI and shall make payments to the Trustee by check or money order. |

    The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

2. **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

    Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| -NONE- | | | |

3. **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii)

monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

**4. CLAIMS SECURED BY REAL PROPERTY**

    A. Mortgage and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| -NONE- | | | | |

    B. Liens and Other Claims Secured by Real Estate

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| -NONE- | | | | |

**5. CLAIMS SECURED BY PERSONAL PROPERTY**

    A. Secured Claims to be Paid Through the Plan:

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Loan Max | 2007 Chevy Aveo 115,000 Miles | 2,500.00 | 5.50% | |

**6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| -NONE- | | |

**7. DOMESTIC SUPPORT OBLIGATIONS**

Debtor ☐ does ☒ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|
| -NONE- | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| -NONE- | | |

## 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| -NONE- | |

## 9. GENERAL UNSECURED CLAIMS

Unsecured Creditors shall be paid __1__ %, of timely filed and non disputed general non-priority unsecured claims.

## 10. PROPERTY TO BE SURRENDERED

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| -NONE- | |

## 11. EXECUTORY CONTRACT AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description |
|---|---|
| -NONE- | |

## 12. SPECIAL PROVISIONS

Claims specified below include the cramdown of automobiles or bifurcation of claims. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|---|
| Loan Max | 2007 Chevy Aveo | 115,000 Miles | 1509.00 | 5.50% | |

/s/ Renee A. White
Renee A. White

Date: February 3, 2014          /s/ Vance P. Truman
                                Vance P. Truman 0061526

0061526
Vance P. Truman, Attorney at Law
689 Lafayette Road
Medina, OH 44256
(330) 722-8877

14-50229

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | |
| Renee A. White | ) | **Chapter 13 Case No.:** |
| | ) | |
| | ) | **Judge**     MARILYN SHEA-STONUM |
| | ) | ☒   **Original Chapter 13 Plan** |
| | ) | ☐   **Amended Chapter 13 Plan**\*\* |
| Debtor(s) | ) | ☐   **See Paragraph Twelve for Special Provisions** |

*******************************************************************************************
**ATTENTION CREDITORS - YOUR RIGHTS WILL BE AFFECTED.**

    The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

\*\* Reason Plan is Being Amended

### 1. PLAN PAYMENTS

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

A.   To the Chapter 13 Trustee (hereinafter "Trustee"): $ __148.00__ per month, payable in

    ☒ monthly    ☐ semi-monthly    ☐ bi-weekly    ☐ weekly    installments of $ __148.00__ each,

    ____   The Debtor is employed by (name and address of employer) and shall make payment by payroll deduction.
    ____   The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.
    _X_   The Debtor is retired and/or has SSI and shall make payments to the Trustee by check or money order.

    The Debtor further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

### 2. ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION

    Concurrent with the filing of this plan, the Debtor has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| -NONE- | | | |

### 3. ORDER OF DISTRIBUTION

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii)

monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

**4. CLAIMS SECURED BY REAL PROPERTY**

    A. **Mortgage and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Note: The interest rate requested by the creditor should be stated on the front of the proof of claim. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| -NONE- | | | | |

    B. **Liens and Other Claims Secured by Real Estate**

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| -NONE- | | | | |

**5. CLAIMS SECURED BY PERSONAL PROPERTY**

    A. **Secured Claims to be Paid Through the Plan:**

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Loan Max | 2007 Chevy Aveo 115,000 Miles | 2,500.00 | 5.50% | |

**6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| -NONE- | | |

**7. DOMESTIC SUPPORT OBLIGATIONS**

Debtor ☐ does ☒ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|
| -NONE- | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| -NONE- | | |

**8. OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| -NONE- | |

**9. GENERAL UNSECURED CLAIMS**

Unsecured Creditors shall be paid __1__ %, of timely filed and non disputed general non-priority unsecured claims.

**10. PROPERTY TO BE SURRENDERED**

Debtor will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| -NONE- | |

**11. EXECUTORY CONTRACT AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description |
|---|---|
| -NONE- | |

**12. SPECIAL PROVISIONS**

Claims specified below include the cramdown of automobiles or bifurcation of claims. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|---|
| Loan Max | 2007 Chevy Aveo | 115,000 Miles | 1509.00 | 5.50% | |

/s/ Renee A. White
Renee A. White

Date: February 3, 2014          /s/ Vance P. Truman
                                Vance P. Truman 0061526

0061526
Vance P. Truman, Attorney at Law
689 Lafayette Road
Medina, OH 44256
(330) 722-8877

14-50229